■ AUSSIE CONSTRUCTION CORP., Respondent-Appellant, v EMPIRE INSURANCE Co., Appellant-Respondent. [738 NYS2d 567] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about January 3, 2001, which, to the extent appealed and cross-appealed from, granted partial summary judgment to plaintiff on its claim that it overpaid defendant for a general liability insurance policy and awarded plaintiff $37,341 plus interest, granted plaintiff's motion for leave to amend the complaint, and granted defendant's cross motion to dismiss the complaint, unanimously modified, on the law and the facts, to increase plaintiff's award to $39,341 plus interest, and to deny defendant's cross motion to dismiss the complaint, and otherwise affirmed, without costs.

There was no dispute as to plaintiff's overpayment for a general liability policy issued by defendant, and the court properly granted plaintiff partial summary judgment on its claim to recover the overpayment. The record, however, establishes, and the parties agree, that the amount of the ordered award to plaintiff for its overpayment was the result of an inadvertent error introduced in motion papers and that the correct figure is $39,341, and we modify accordingly.

Defendant has not established its entitlement to a setoff against plaintiff's award for money allegedly owed it for a separate workers' compensation policy. So far as can be determined from the record, the policy for which payment is claimed by defendant to be owing was not issued to plaintiff but to a distinct, although somewhat similarly named entity, and defendant has adduced no evidence to support treating the two entities interchangeably. Moreover, plaintiff asserts that it has overpaid for a separate workers' compensation policy issued to

it by defendant, and that the overpayment was previously acknowledged by defendant.

The court properly transferred the action to Civil Court, pursuant to CPLR 325 for disposition of the triable issues as to amounts owed or overpaid for workers' compensation coverage. The transfer, along with the court's unexceptionable grants of partial summary judgment and leave to amend the complaint, were, however, inconsistent with the court's simultaneous grant of defendant's motion to dismiss the complaint, and, accordingly, we modify to deny defendant's cross motion to dismiss the complaint. Concur—Saxe, J.P., Rosenberger, Ellerin, Wallach and Marlow, JJ.